**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN ADAN ZERON LAINEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-02413-SHL-tmp |
| | ) | |
| CHRISTOPHER BULLOCK, Acting Director of the New Orleans Field Office of ICE, in his official capacity, | ) | |
| Respondent. | ) | |

**ORDER DIRECTING RESPONDENT TO UPDATE POSITION**

On April 13, 2026, Petitioner Kevin Adan Zeron Lainez filed the Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.[1]  (ECF No. 1.)  Zeron Lainez challenges his detention by Respondent at the West Tennessee Detention Facility "pursuant to 8 U.S.C. § 1225(b)" as violative of his Fourth and Fifth Amendment rights.  (ECF No. 1-3 at PageID 12–13.)  On April 20, Respondent responded in opposition to the Petition, arguing that Petitioner is rightfully detained without bond under 8 U.S.C. § 1225 and noting that the Sixth Circuit had not yet ruled on the issue of whether the detention of a noncitizen in Petitioner's position is governed by 8 U.S.C. § 1225 or § 1226.  (ECF No. 8.)

On May 11, however, the Sixth Circuit issued the opinion in Lopez-Campos v. Raycraft, No. 25-1965, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), affirming that a noncitizen who has spent "significant time . . . within the interior of the United States," and who has not committed an offense rendering them ineligible under § 1226(c), may not be detained without an

---

[1] The Petition has been referred to the undersigned pursuant to Administrative Order No. 2026-16.

individualized bond hearing.  <u>Lopez-Campos</u>, 2026 WL 1283891, at *13.

In view of the Sixth Circuit's holding in <u>Lopez-Campos</u>, Respondent is **ORDERED** to update the Court on his position within **two business days**.  If the basis of Petitioner's detention is 8 U.S.C. § 1225(b)(2)(A) and Respondent continues to oppose release, Respondent shall either distinguish this case from <u>Lopez-Campos</u> or state why <u>Lopez-Campos</u> otherwise does not apply. If no such showing is made, Respondent shall state whether he consents to the issuance of the writ.

**IT IS SO ORDERED,** this 18th day of May, 2026.

s/  Tu M. Pham
TU M. PHAM
CHIEF UNITED STATES MAGISTRATE JUDGE