**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| KEVIN ADAN ZERON LAINEZ, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2:26-cv-02413-SHL-tmp |
| CHRISTOPHER BULLOCK, Acting Director | ) | |
| of the New Orleans Field Office of ICE, in his | ) | |
| official capacity, | ) | |
| Respondent. | ) | |

**ORDER GRANTING PETITION**

Before the Court is Petitioner Kevin Adan Zeron Lainez's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, filed April 13, 2026.  (ECF No. 1.)  He challenges his ongoing detention under 8 U.S.C. § 1225(b) without a bond hearing at the West Tennessee Detention Facility as a violation of his Fourth and Fifth Amendment rights.  (ECF No. 1-3 at PageID 12–13.)  He clarifies in his reply briefing that he seeks immediate release.  (ECF No. 10 at PageID 52.)  On April 20, Respondent filed his response opposing the Petition.  (ECF No. 8.)  Respondent now concedes that the Sixth Circuit's holding in Lopez-Campos v. Raycraft, --- F.4th ---, 2026 WL 1283891 (6th Cir. 2026), "controls the outcome of this matter."  (ECF No. 12 at PageID 60.)

For the reasons stated below, the Petition is **GRANTED**.

**BACKGROUND**

Zeron Lainez is a citizen of Honduras who entered the United States in 2018 at an unknown location.  (ECF Nos. 8-2 at PageID 39; 10 at PageID 42.)  He has no criminal record.  (ECF No. 8-2 at PageID 39.)  On December 17, 2025, ICE officers arrested him after responding

to Sheriffs' request for assistance in Madison County, Tennessee.  (ECF No. 8 at PageID 25.) ICE subsequently served him with a Notice to Appear ("NTA"), charging him with being a noncitizen present in the United States without being  "in possession of . . . [a] valid entry document."  (ECF No. 8-1 at PageID 35–37.)  Petitioner has been in Respondent's custody at the West Tennessee Detention Facility since, and has not received a bond hearing.

Petitioner filed the Petition on April 13.  (ECF No. 1.)  Respondent filed an initial response on April 20, arguing that Petitioner was properly detained under 8 U.S.C. § 1225 and not entitled to a bond hearing.  (ECF No. 8.)  However, after the Court ordered Respondent to update his position in light of the Sixth Circuit's Lopez-Campos decision, (ECF No. 11), Respondent filed a Notice on May 20, conceding that Lopez-Campos governs this matter (ECF No. 12).

## ANALYSIS

Petitioner challenges his mandatory detention at the West Tennessee Detention Facility and seeks immediate release from Respondent's custody.  (ECF Nos. 1-3 at PageID 13–14; 10 at PageID 49–51.)  He argues that Respondent unlawfully purported to detain him under 8 U.S.C. §1225, and that § 1226(a) is the section of the Immigration and Nationality Act that applies to him.  (ECF No. 10 at PageID 47.)

Respondent concedes that the Sixth Circuit's holding in Lopez-Campos, 2026 WL 1283891, "controls the outcome of this matter."  (ECF No. 12 at PageID 61.)  That decision held "that 8 U.S.C. § 1225(b)(2)(A)'s mandatory detention scheme does not apply to 'applicants for admission' who are not actively 'seeking admission.'"  (Id. at PageID 60 (citing Lopez-Campos, 2026 WL 1283891, at *11).)

Nonetheless, Respondent maintains that "the Court should require Petitioner to exhaust

2

his administrative remedies" before granting relief.  (Id. at PageID 61 n.1.)  However, as the Court has ruled in recent immigration habeas petitions, e.g., Lopez Soza v. U.S. Dep't of Homeland Sec., No. 26-CV-02224, 2026 WL 1104329, at *3 (W.D. Tenn. Apr. 23, 2026), Petitioner's failure to exhaust administrative remedies is **EXCUSED**.  The legal questions presented by the Petition are fit for prompt resolution, and exhaustion would be futile because Petitioner cannot seek meaningful and timely administrative relief.  McCarthy v. Madigan, 503 U.S. 140, 144 (1992) (explaining that where a statute is silent as to exhaustion, requiring exhaustion is within a court's discretion); Contreras-Lomeli v. Raycraft, No. 25-cv-12826, 2025 WL 2976739, at *3 (E.D. Mich. Oct. 21, 2025) ("Bond denial appeals 'typically take six months or more to be resolved at the BIA.'" (citation omitted)).

Respondent furthers contend that, "[i]n accordance with the remedy affirmed in Lopez-Campos, the Court should order that Petitioner be provided a custody redetermination hearing within 10 business days, and if that does not occur, Petitioner should be released from custody." (ECF No. 12 at PageID 61 (footnote omitted).)  However, Petitioner "rightfully state[s] that [he has] a liberty interest to be free from detention."  Lopez-Campos, 2026 WL 1283891, at *13.  ICE's decision to detain him without a bond hearing violated that liberty interest, which cannot be casually tossed aside.  Thus, he is entitled to immediate release.  See Villafranca Lara v. Ladwig, No. 26-CV-02079, 2026 WL 401204, at *10 (W.D. Tenn. Feb. 12, 2026) ("Because ICE purported to detain [Petitioner] under § 1225(b)(2)(A), which includes no provision for a bond hearing, the Court will not now order a bond hearing under § 1226(a).").

Therefore, consistent with Lopez-Campos and this Court's decision in Villafranca Lara, 2026 WL 401204, and after consideration of the record, the Petition is **GRANTED**.

3

**CONCLUSION**

For the reasons stated above, the Petition is **GRANTED**. Respondent is **ORDERED** to release Petitioner immediately. Respondent is **ENJOINED** from pursuing Petitioner's detention under 8 U.S.C. § 1225(b)(2)(A). Respondent is further **ORDERED** to file a Status Report with this Court within **two business days**, to certify compliance with this Order.

**IT IS SO ORDERED,** this 22nd day of May, 2026.

s/ Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE